CHARLES S. BROCK ET AL. v. NEAL O'DONNELL ET AL.

An agreement by which one party agreed to sell to the other, at the actual cost price thereof, all the material used in making barrels then in store, and the latter agreed to take and use it as fast as a sugar-house should require the barrels, and to pay for it in notes with interest added, running two months from the date thereof, settlements to be made semi-monthly, is an executory agreement, and not a contract of sale.

Error to the Supreme Court.

For the defendants in error, *Wm. Brinkerhoff.*

For the plaintiffs in error, *James B. Vredenburgh.*

The opinion of the court was delivered by

THE CHANCELLOR.    This is a writ of error brought to reverse a judgment of non-suit granted in an action for the price of certain materials for the manufacture of barrels. The question submitted is whether an agreement by which one party agreed to sell to the other, at the actual cost price thereof, all the material used in making barrels then in store, and the latter agreed to take and use it as fast as a sugar-house should require the barrels, and to pay for it in notes with interest added, running two months from the date thereof (settlements to be made semi-monthly), is a contract

of sale or an executory agreement. The party agreeing to purchase never had possession of the property in question, but it was destroyed by fire while in the possession of the other party. The Supreme Court, when this question was before it upon a rule to show cause why the verdict rendered for the plaintiff upon the first trial should not be set aside, held that the contract was an executory agreement. *Brock* v. *O'Donnell*, 16 *Vroom* 441. We concur in the views then expressed by that court upon the subject.

The judgment therefore should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, McGREGOR, WHITAKER. 14.

*For reversal*—None.